Frank A. Gulotta, J.
This is a special proceeding by the Town of Hempstead to cause the removal of an unsafe building pursuant to Local Law No. 20.
*698 The only party served with notice of the proceeding is a tax lien holder, one Joseph W. Erlwein, who has cross-moved to dismiss for want of jurisdiction.
In substance this law provides for the Commissioner of Buildings, upon receipt by him of information that a building may be dangerous or unsafe, to cause an inspection of the building to be made and a report to be filed in his office. If the report confirms that the structure is dangerous, he shall cause notice thereof to be served in accordance with section 4.1 which reads as follows: “ After the report is filed in his office, and if the report shall confirm the existence of a dangerous building or structure, the commissioner of buildings shall cause a notice to be served upon the owner, executor, administrator, agent, lessee, or any person or persons having a vested or contingent interest in the subject unsafe building, as shown by the records of the receiver of taxes of the town of Hempstead or of the county clerk of the county of Nassau, either personally or by registered mail, containing specifications as set forth in section 5.0.”
Section 5.0 provides that the notice contain the description of the premises, the particulars which make the building dangerous, an outline of what has to be done to remedy the condition or, in the alternative, that the structure be demolished or removed.
Upon failure to respond to the notice, after several procedural steps have been taken to determine what must be done with the building, an application is made to the court under section 12.0 to have it declared a public nuisance and for its demolition. This section has no provision for notifying anybody, but the notice was in fact served by mail on the same tax lien holder.
The local law defines an owner as follows: “ § 1.4. ‘ owner ’ shall be construed to include the record owner of any premises and also for the purpose of serving a notice either personally • or by registered mail upon any one exercising the rights of ownership therein, his agents, successors or assigns as indicated by the records of the receiver of taxes or by the records of the county clerk of Nassau County.”
There is nothing in the record to substantiate the claim of the town that Erlwein comes within the “owner” definition. No search was conducted to ascertain who in fact is the record owner and there is nothing to show that Erlwein is 1 ‘ exercising the rights of ownership ’ ’.
While it may be said that a tax lien holder has a contingent interest in a property, in my opinion, insofar as section 4.1 purports to authorize the demolition of a building without *699 making any effort to determine who the record owner is or even to bring the proceeding to his attention by some sort of in rem publication, it is constitutionally defective for want of due process. This question was dealt with in some detail in Schroeder v. New York (371 U. S. 208, revg. 10 N Y 2d 522). In contrast with the present case the statute there provided for multiple posting and publication. Nevertheless the court observed (pp. 212-213):
“ ‘ Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper’s normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when, as here, the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintenances who might call it to attention. ’ 339 U. S. at 315.
‘1 The general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. ‘ Where the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency. ’ ”
In the present proceeding the “ owner ” has been ignored from beginning to end.
These observations likewise apply to the court proceeding which, as has been observed, does not provide for notice, but to which the town apparently is applying section 4.1 for want of something better.
The cross motion is granted and the proceeding dismissed.